IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE BOOKER, SO No. 32373, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:17-cv-00040-M-BP |
| STEPHEN RANCOURT, | § § § | |
| Defendant. | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Dewayne Booker ("Booker"), an inmate confined in the Wichita County Jail in Wichita Falls, Texas, brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Booker alleges that Defendant Stephen Rancourt ("Rancourt"), the Assistant District Attorney for Wichita County involved in Booker's criminal prosecution, violated his civil rights and constitutional right to due process by making a racially-charged comment to Booker's attorney prior to a pre-trial conference. ECF No. 1 at 3-4; ECF No. 7 at 2-3, 6. Booker asks that the charges be investigated and seeks $500,000 in punitive damages. ECF No. 1 at 4.

Pursuant to *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976), the Court issued the District Court's Questionnaire to Plaintiff (ECF No. 6). Booker filed his Response to the District Court's Questionnaire (ECF No. 7) on April 10, 2017. The Court has carefully reviewed Booker's answers to the Questionnaire and bases its Findings, Conclusions, and Recommendation on the pleadings and responses to the Court's Questionnaire.

Booker cannot prevail on his claim that Rancourt uttered a racially-charged comment to Booker's attorney. Threatening language and racial slurs, which may be viewed as offensive, do not give rise to liability under the Civil Rights Act or amount to a constitutional violation. *See, e.g.*, *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Thus, even assuming the truth of the allegations, Rancourt's alleged conduct does not rise to the level of a civil rights violation.

To the extent that Booker seeks to have criminal charges investigated or brought against Rancourt, he should contact the appropriate law enforcement officials. The Court does not initiate criminal proceedings.

To the extent, if any, that Booker seeks to challenge the criminal prosecution against him, the instant complaint must be dismissed unless he demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Dismissal pursuant to *Heck* should be with prejudice, precluding a plaintiff from reasserting such claims unless he can demonstrate that the *Heck* conditions have been satisfied. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). Here, Booker concedes that the charges against him have not been reversed, expunged, or otherwise invalidated, and his complaint is subject to dismissal with prejudice. ECF No. 7 at 7.

For the foregoing reasons, the undersigned RECOMMENDS that Chief United States District Judge Barbara M.G. Lynn DISMISS with prejudice Booker's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as frivolous.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and

recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 12, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE